1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11
    GARY ALLEN GOLDSMITH,              CV F 05-0444 OWW WMW HC
12
                        Petitioner,    FINDINGS  AND  RECOMMENDATIONS  RE
13                                      MOTION TO DISMISS

14       v.
                                       [Doc. 14]
15
    A. K. SCRIBNER,
16
                        Respondent.
17    _____/

18
          Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28
19
    U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28
20
    U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Respondent moves to dismiss this petition on the
21
    ground that grounds 1, 3, 4, 5,6, and 7 are barred by the statute of limitations and ground 2 is
22
    obviously without merit.
23
                              **PROCEDURAL HISTORY**
24
          Petitioner was convicted of murder and was sentenced to serve an indeterminate prison
25
    sentence of 25 years to life.  Petitioner filed a direct appeal and on February 14, 2002, the California
26
    Court of Appeal for the Fifth Appellate District ("Court of Appeal") affirmed the judgment.
27
    Petitioner filed a petition for review with the California Supreme Court, which denied the petition on
28

May 1, 2002.   Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which denied the petition on October 21, 2002.

On September 6, 2003, Petitioner filed a petition for writ of habeas corpus in Stanislaus County Superior Court.  The Superior Court denied the petition on December 5, 2003.

On May 3, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The court denied the petition on March 23, 2005.

Petitioner filed the present petition on April 5,  2005.

## LEGAL STANDARD

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on April 5, 2005, and thus it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

1   other collateral review with respect to the pertinent judgment or claim is pending
    shall not be counted toward any period of limitation under this subsection.
2
                                    **DISCUSSION**
3   Respondent moves to dismiss the petition the grounds that grounds 1, 3, 4, 5,6, and 7 are

4   barred by the statute of limitations and ground 2 is obviously without merit.

5       In most cases, the limitation period begins running on the date that the petitioner's direct

6   review became final.  Here, the United States Supreme Court denied Petitioner's petition for writ of

7   certiorari on October 21, 2002.   Respondent argues therefore, that Petitioner had one year from

8   October 21, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas

9   corpus.  See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the

10  Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one

11  year limitations period.)

12      Respondent argues that the statute of limitations ran from October 22, 2002, until September

13  6, 2003, the date Petitioner filed his first state petition for writ of habeas corpus under the mailbox

14  rule as set forth in Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000 amended May 23, 2001).

15  Respondent concedes that the statute of limitations was tolled from September 6, 2003, through

16  December 5, 2003, when the Superior Court denied the first petition for writ of habeas corpus.

17  Respondent argues however, that Petitioner is not entitled to tolling during the time between

18  December 5, 2003, and April 19, 2004, the date he delivered his second habeas corpus petition to

19  prison staff for mailing.[1]

20      In Carey v. Saffold, 122 S.Ct. 2134 (2002), the Court determined that under California's

21  collateral review process, the intervals between a lower court decision and the filing of a new

22  petition in a higher court are within the scope of the statutory word "pending." Id. at 2140.  Thus, as

23  tolling occurs during the intervals between petitions in the state courts.  The Supreme Court

24  examined this principle in light of California's unique original writ system where the timeliness of a

25

26      [1]Although Petitioner argues that he delivered the his second petition to prison officials for filing on April 4, 2004,
27  the court agrees with Respondent that it would have been impossible for Petitioner to have done so, as he also signed his
    petition on April 19, 2004. Although Respondent originally argues that the second petition was filed in the California
28  Supreme Court on May 3, 2004, he states in his reply that he will assume, under the mailbox rule, that Petitioner filed his
    second petition on April 19, 2004.

petition is determined according to a "reasonableness" standard. <u>Carey v. Saffold</u>, 122 S.Ct. at 2139. In other words, where a California prisoner delayed "unreasonably" in seeking further review of his petition, he is not entitled to tolling under § 2244(d)(2).

In <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), the Court held that in the absence of a ruling from the state court regarding timeliness, a federal court must decide for itself whether a state habeas corpus petition in a California appellate court was filed "within what California would consider a 'reasonable time.'" <u>Id</u>. The Court explained:

> In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in <u>Saffold</u>, we held that timely filings in California (as elsewhere) fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other States, i.e., that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. 536 U.S., at 222-223, 122 S.Ct. 2134.

The Court noted that most states provide short periods of time, 30 to 60 days, to take their collateral review claims to an appellate court. <u>Id</u>. at 849, 954; <u>Saffold</u>, 536 U.S. at 219. Applying this reasoning to the present case, Respondent argues that Petitioner is not entitled to tolling for the 109 days that elapsed between the denial of his first state habeas corpus petition and the filing of his second state habeas corpus petition. Because 328 days had already expired before Petitioner filed his first habeas corpus petition, Respondent argues that the statute of limitations expired before Petitioner filed his second habeas corpus petition, and that the present petition is therefore barred.

In response, Petitioner argues that the delay in the filing of his second habeas corpus petition in the California Supreme Court was reasonable because he had to reformat his petition to include ground two, a claim that he was denied due process of law by the Superior Court because it denied him counsel and the opportunity to file a traverse during his first state habeas corpus proceeding. As Respondent argues, examination of ground two makes it clear that sixty days provided Petitioner with sufficient time to include his additional claim in his petition to the California Supreme Court. The ground for relief is essentially only a factual recitation of the procedural events regarding Petitioner's petition in Superior Court, with a few citations to California Rules of Court.

1   Accordingly, this court finds that the 109 days delay between the filing of Petitioner's first and

2   second state habeas corpus petitions was not "reasonable" under the standard enunciated in  Carey v.

3   Saffold and Evans v. Chavis.   Petitioner is therefore not entitled to tolling for this time period under

4   § 2244(d)(2), and the statute of limitations ran as to all grounds for relief except ground 2 before

5   Petitioner filed the present petition.

6            Respondent moves to dismiss ground 2 of the present petition under Rule 4 of the Rules

7   Governing Section 2254 Cases on the ground that it fails to present a colorable claim.  Ground two

8   challenges Petitioner's habeas corpus proceeding in Superior Court, claiming that he was deprived

9   of effective assistance of counsel and of the opportunity to file a traverse.  There is no federal

10  constitutional right to counsel in state collateral proceeding.   Pennsylvania v. Finley, 481 U.S. 551,

11  555-57 (1987)( a prisoner has no Constitutional right to appointed counsel in post-conviction

12  proceedings,  the right to appointed counsel extends to the first appeal of right and no further).

13  Further, assertions of error in a state post-conviction proceeding do not represent an attack on the

14  prisoner's detention and therefore are not proper grounds for habeas relief.   Franzen v. Brinkman,

15  877 F.2d 26 (9th Cir. 1989).  Accordingly, the court must agree with Respondent that ground 2 of the

16  petition fails to state a colorable claim. Under Rule 4, the court is obliged to dismiss a petition if it

17  plainly appears that the petitioner is not entitled to relief in district court.  Accordingly, this court

18  must dismiss ground two of the present petition.

19

20           Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

21  1)       Respondent's motion to dismiss be GRANTED;

22  2)       Grounds 1,3, 4, 5, 6, and 7 be DISMISSED as barred by the statute of limitations;

23  3)       Ground 2 be DISMISSED under Rule 4 for failure to state a claim; and

24  4)       The Clerk of the Court be directed to enter judgment for Respondent and close this case.

25

26

27           These Findings and Recommendation are submitted to the assigned United States District

28

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

2  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

3  thirty (30) days after being served with a copy, any party may file written objections with the court

4  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

5  Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

6  ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

7  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

8  advised that failure to file objections within the specified time may waive the right to appeal the

9  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11

12  IT IS SO ORDERED.

13  **Dated:      February 13, 2007**          **/s/  William M. Wunderlich**
    mmkd34                                     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28